### Fort Clark Street Railroad v. Ebaugh.

1. *Railroad Companies—Right to Expel Passengers for Violating Rules.*—A street car company has the right to require of passengers the observance of all reasonable rules tending to promote the safety and con-

venience of passengers and the successful conduct of its business. So long as a passenger observes such rules the company is bound to carry him; but when he wantonly refuses to obey them, the company has the right at once to expel him, using no more force than may be necessary for that purpose.

2. *Railroad Companies—Rules and Regulations—Notice.*—Where a street car company has adopted a rule against passengers riding on the platform, a request by the conductor that persons violating the rule shall come inside the car, in observance of the rule, should be complied with whether the person had notice of the rule or not. The conductor should have control of his car with the right to enforce all needed regulations and all reasonable requests made by him, with that end in view, should be obeyed by the passengers.

**Memorandum.**—Action in case. Judgment for plaintiff. Appeal from the Circuit Court of Peoria County; the Hon. Thomas M. Shaw, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

## Statement of the Case.

The plaintiff got upon defendant's electric car, to ride a dozen or twenty blocks. The seats in the car were full, and the plaintiff stood on the platform of the car. There was an abundance of standing room inside, and the conductor, in obedience to a rule of the company, asked him to go inside. This request was repeated several times, and he as often refused, saying, he did not want to go inside, and that he would not go inside. The car was then stopped and he again invited to go in or get off, and was told the car would wait for him, when he got off the car and walked away. He brought suit against the company, for ejecting him from the car, and recovered $80. The company appealed.

## Appellant's Brief, W. W. Wells, Attorney.

A railway company has clearly the right to require of passengers the observance of all such reasonable rules as tend to promote the comfort, safety and convenience of the passengers, to preserve good order and to secure the safety of the train, and to enable the company to conduct its business as a common carrier, with advantage to the public and to itself. So long as such reasonable rules are observed by a passen-

ger the company is bound to carry him, but if they are wantonly disregarded, the obligation ceases, and the company may at once expel him from the train, using no more force than may be necessary for that purpose, and not selecting a dangerous or inconvenient place. This is a common law right, arising from the nature of the contract and occupation as common carrier. Illinois C. Ry. v. Whittemore, 43 Ill. 420; Chicago & A. R. R. v. Milland, 31 Ill. App. 435.

IRWIN & SLEMMONS, attorneys for appellee.

OPINION OF THE COURT, HARKER, P. J.

This is an action in case brought by appellee to recover damages for being ejected from one of appellant's street cars, after he had taken passage thereon. A trial resulted in a verdict and judgment for $90.

The evidence shows that appellee took passage on one of appellant's electric cars at a time when all the seats inside the car were occupied, but when there was plenty of standing room within and the aisle was clear. He, with three others, took position on the rear platform, when they were requested by the conductor to go inside. It was against the rules of the company to allow passengers to ride on the rear platform. The others passed in, but appellee refused. He was several times so requested by the conductor, but each time refused and persisted in standing on the platform. At length the conductor told him he must either go in the car or get off, and refused to go further with the car until appellee should comply. Appellee then left the car, no violence being used toward him. The conductor did not lay his hands upon him or offer to do so.

It is difficult for us to understand upon what theory the plaintiff is entitled to damages. The rule which he refused to comply with and because of the enforcement of which he was denied passage on the car was established for the safety of passengers and the convenience of employes operating the car. It was a reasonable and proper rule.

He saw fit to stand out in defiance of it, evidently from sheer stubbornness, or to invite an assault from the conductor. A street car company has the right to require of passengers the observance of all reasonable rules tending to promote the safety and convenience of passengers and the successful conduct of its business. So long as a passenger observes such rules, the company is bound to carry him; but when he wantonly refuses to obey them, the company has the right at once to expel him, using no more force than may be necessary for that purpose.

Appellee contends that he had not sufficient knowledge of the rule. We do not think it was necessary for the conductor to have exhibited a rule, or told appellee in terms that the company had adopted such a one.

The request of the conductor was reasonable, made in observance of the rule, and it was the duty of appellee to comply, instead of standing out against it with childish obstinacy, as he did. The conductor should have control of his car with the right to enforce all needed regulations, and all reasonable requests made by him with that end in view, should be obeyed by passengers.

The judgment will be reversed, and inasmuch as we find that the facts are such that the plaintiff has no cause of action, the cause will not be remanded.